Robert J. GRISWOLD et al., Appellants,

v.

CITY OF LOUISVILLE, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1961.

Henry D. Hopson, Hamilton, Hopson & Hamilton, Louisville, for appellants.

No appearance for appellee.

CULLEN, Commissioner.

This appeal involves procedures under the Community Urban Renewal and Redevelopment Act of 1950, KRS 99.330 to 99.510.

On March 29, 1961, the Board of Aldermen of the City of Louisville adopted a resolution stating that a designated riverfront area of the city is a slum, blighted, deteriorated or deteriorating area "appropriate for" an urban renewal project, approving the undertaking by the city of surveys and plans for such a project, and approving the making of a request to the appropriate federal agency for concurrence in the commencement of surveys and plans. Thereafter the city gave notice of a public hearing on the project to be held on April 7,

1961, the stated purpose of the hearing being "to consider the undertaking of" the project.

On April 28, 1961, a group of owners of property in the designated area filed in the circuit court an appeal from the resolution of March 29. The statement of appeal made reference only to the resolution and to the fact that a hearing was held on April 7. The circuit court dismissed the appeal on the ground that it was premature. The property owners have appealed to this Court from the judgment of dismissal.

The appeal to the circuit court was filed under purported authority of KRS 99.390. That statute provides that a party of record at any hearing conducted by "the agency" (the city itself may be the agency) who is aggrieved by *any action of or decision by* the agency may appeal *from such action or decision* to the circuit court, such appeal to be taken within 30 days after *notice of such action or decision*.

KRS 99.370 specifies the procedures that must be followed for adoption of a development plan. This statute states that the following steps are to be taken *after the holding of a public hearing:*

1. The agency must make and certify to the board of aldermen the development plan, with estimates of costs and revenues.

2. The board of aldermen must make certain findings of fact, including a finding that the area covered by the plan is a slum or blighted area.

3. The board of aldermen must approve the development plan.

We think it is clear that KRS 99.390 contemplates appeals only from actions taken or decisions made after the public hearing has been held. Not only does the wording of KRS 99.390 make this clear, but under the provisions of KRS 99.370 it is apparent that no effectuating action or decision can be taken or made until after the hearing.

The record in this case does not show that any action was taken or decision made after the public hearing. When and if there is such action or decision the parties of record at the hearing will have 30 days after notice thereof in which to take an appeal.

It is obvious to us that the resolution of March 29 was merely a preliminary step designed to put the development project procedures in motion and it did not constitute such an action or decision as is contemplated by KRS 99.370 and 99.390.

. It is our opinion that the circuit court properly dismissed the appeal.

The judgment is affirmed.